## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:22-cr-142-NR and 2:23-cv-864-NR |
| | ) | |
| THOMAS KASTORY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM ORDER

Before the Court is Defendant Thomas Kastory's motion to vacate his sentence under 28 U.S.C. § 2255. ECF 56. He raises several collateral challenges to his conviction, including arguing that his lawyer was ineffective for failing to raise certain constitutional and jurisdictional arguments related to his offense. After carefully considering the record and the parties' arguments, the Court finds that Mr. Kastory has knowingly and voluntarily waived all his challenges, except his ineffective-assistance-of-counsel claim. But for that one, the Court finds that Mr. Kastory's counsel was constitutionally effective. So, the Court denies Mr. Kastory's motion.

### BACKGROUND

Between mid-April and late-May 2022, Mr. Kastory used his cell phone and the internet to exchange a series of messages with someone "who he thought was a 14-year-old girl to have sex with him." ECF 45, ¶ 13.[1] Mr. Kastory "groomed the girl," who was actually an undercover agent, by telling her that he thought she was beautiful, telling her that he loved her, and instructing "her on how to masturbate." *Id.* Eventually, Mr. Kastory moved beyond just messaging.

On May 22, 2022, Mr. Kastory packed condoms, lubricant, and a sex toy into a pouch and "rode a bus to an area in the vicinity of Heinz Field[.]" *Id.* ¶ 12. His plan was to meet and accompany the minor back to her apartment, "believing the child's

---

[1] All citations are to the docket at Case No. 2:22-cr-142.

parent was out of town." *Id.*  Instead, he was arrested.  After his arrest, he admitted that he had been the person communicating with the undercover agent and "had travelled that day to engage in sexual activity with what he thought was a 14-year-old child." *Id.* ¶ 15.

In June 2022, the grand jury returned a one-count indictment against Mr. Kastory, charging him with attempted coercion and enticement of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b).  For this offense, Mr. Kastory and the government entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), in which the parties stipulated to a binding sentence of 120 months of imprisonment and five years of supervised release.  ECF 66-1.  This agreed-upon sentence was consistent with the statutory mandatory minimum sentence applicable to Mr. Kastory's offense.

The plea agreement also had a very clear appeal and collateral-attack waiver, which provided: "Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." ECF 66-1, p. 3.

Mr. Kastory pled guilty on November 11, 2022.  ECF 39.  On March 7, 2023, the Court accepted the plea agreement and sentenced Mr. Kastory to the stipulated sentence in the plea agreement.  ECF 54.  Mr. Kastory did not appeal his conviction or sentence.

Just over two months later, Mr. Kastory timely moved *pro se* to vacate his sentence under 28 U.S.C. § 2255.  ECF 56.  The Court provided a *Miller* Notice to Mr. Kastory (ECF 58), and Mr. Kastory stated his desire to have his motion ruled on as filed (ECF 62).  The government responded to the motion (ECF 66) and it is now ready for disposition.

## STANDARD OF REVIEW

"A Section 2255 petition enables a defendant to petition the court that imposed the sentence, collaterally attacking a sentence imposed after a conviction.  Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  Relief is generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Leavy*, No. 19-160, 2022 WL 2829948, at *1 (W.D. Pa. July 20, 2022) (Schwab, J.) (cleaned up).  That said, a motion to vacate "is not a substitute for an appeal."  *Gov't of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074 (3d Cir. 1985) (citation omitted).

In reviewing a motion to vacate under Section 2255, "[t]he court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record."  *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (cleaned up).  Where, as here, the petitioner files his motion *pro se*, the Court construes the pleadings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  But "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation[.]"  *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir.2000) (citation omitted).  A district court "must hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief," but "may summarily dismiss a § 2255 motion where the motion, files, and records show conclusively that the movant is not entitled to relief."

*United States v. Mason*, No. 07-5101, 2008 WL 938784, at *1 (E.D. Pa. Apr. 4, 2008) (cleaned up).

## DISCUSSION & ANALYSIS

Mr. Kastory asks the Court to vacate the judgment and sentence, claiming that: (1) the Court lacks subject matter jurisdiction over federal criminal prosecutions; (2) Congress lacks authority under the Commerce Clause to enact criminal legislation; (3) his guilty plea was invalid because the Court lacked authority to accept it; and (4) his counsel was ineffective because counsel failed to inform Mr. Kastory that his charged offense was unconstitutional.  Mr. Kastory's first three claims fail because he waived his right to bring them, and his claim of ineffective assistance of counsel fails because he cannot establish that his lawyer's performance was deficient.

## I.   Mr. Kastory validly waived collateral review of his conviction and sentence.

Mr. Kastory entered a Rule 11(c)(1)(C) plea agreement with the government in which both parties stipulated to a binding sentence of 120 months' imprisonment, which was consistent with the statutory mandatory minimum.  As part of that agreement, Mr. Kastory also waived many of his appellate and collateral-review rights, including the right to collaterally attack his sentence under 28 U.S.C. § 2255— in other words, he waived his right to file this very motion.  ECF 66-1, p. 3 ("Thomas Kastory further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255 challenging his conviction and sentence and the right to pursue any other collateral proceeding challenging his conviction or sentence.").[2]

---

[2] The only carve-out was for a Section 2255 motion predicated on a claim for ineffective assistance of counsel.  ECF 66-1, p. 3 ("Nothing in the foregoing waivers of rights shall prelude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law.").

In deciding whether to enforce this waiver, the Court must (1) determine whether it was "knowing and voluntary" and (2) decide whether enforcing it would "work a miscarriage of justice." *United States v. Williams*, No. 21-1752, 2022 WL 973737, at *1 (W.D. Pa. Mar. 31, 2022) (Schwab, J.) (citing *United States v. Mabry*, 536 F.3d 231, 244 (3d Cir. 2008)). After carefully reviewing the record, the Court will enforce Mr. Kastory's waiver.

The record shows that Mr. Kastory's waiver, and for that matter his guilty plea, was knowing and voluntary. At Mr. Kastory's November 22, 2022, change-of-plea hearing, the Court conducted a Rule 11 colloquy to ensure that Mr. Kastory understood the charges against him, the terms of his plea agreement, and the rights he would forgo by entering that plea agreement, including the nature and extent of the collateral-rights waiver. ECF 60, 2:21-23:16. That colloquy began with the Court finding Mr. Kastory competent to participate in the proceedings. *Id.* at 3:14-7:3.

During that initial portion of the colloquy, Mr. Kastory confirmed that he graduated high school and was not under the influence of any substances that could impair his ability to understand or comprehend the hearing. *Id.* at 3:23-4:17. He also confirmed that although he had "some difficulties" processing information, he could still "read and understand" things if he was given "additional time" to consider the information and it was explained in multiple ways. *Id.* at 4:18-5:20. Following these statements, Mr. Kastory's counsel affirmed that he had no doubts as to Mr. Kastory's competence. *Id.* at 6:19-21. Based on these statements, and the Court's observation of Mr. Kastory's demeanor during the hearing, the Court finds that Mr. Kastory was competent to enter into his plea agreement and plead guilty pursuant to that agreement. *See, e.g.*, *Pena v. United States*, No. 20-16560, 2021 WL 3561349, at *6 (D.N.J. Aug. 12, 2021) ("Petitioner clearly confirmed to this Court that he understood the terms of his plea agreement—including his appellate waiver—and the rights he

was foregoing by pleading guilty, and directly affirmed that his mental issues and medication did not interfere with his ability to understand the plea proceeding in any way."); *Brown v. Clements*, No. 15- 635, 2020 WL 2307459, at *5 (E.D. Wis. May 8, 2020) ("Many individuals have learning disabilities or ADHD and are nevertheless able to understand relevant circumstances and the consequences of their decision. All of the petitioner's responses to the trial judge's many questions indicated that he fully understood his decision to plead guilty.").

As for his plea agreement, Mr. Kastory acknowledged that he reviewed it with his attorney and understood its terms, including that he was giving up his right to collaterally attack his sentence.  ECF 60, 20:21-23:16.  On the appeal waiver, the Court had this exchange with Mr. Kastory:

> THE COURT: Under the terms of your plea agreement, you cannot appeal your sentence except based on very specific exceptions listed in your plea agreement.  I direct your attention to page 3 of the plea agreement, provision A10.
>
> Specifically, under the terms of your plea agreement, you may only appeal based on the following narrow exceptions there: If the United States appeals from the sentence, then you may appeal from the sentence.  If your sentence exceeds the applicable maximum statutory limits set forth in the United States Code, you may appeal from the sentence, or if your sentence unreasonably exceeds the guidelines range determined by the Court under the guidelines, you may appeal from the sentence.  Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Usually, a defendant can also file a motion to vacate his sentence under a statute that's referenced there, 28 USC Section 2255 or file a similar collateral attack to the conviction or sentence. That's typically a way to argue that your conviction or sentence is unconstitutional or violates the law in some way.  Under the terms of your plea agreement, you are giving up your right to file any such collateral attack to your conviction or sentence.  Do you understand that?

THE DEFENDANT: Yes, Your Honor.

*Id.* at 21:18-22:17.

Mr. Kastory also stated that his decision to plead was not coerced.  *Id.* at 23:1-3, 23:14-16.  Mr. Kastory's in-court statements are owed a presumption of truth, and so will stand absent evidence of misunderstanding, duress, or misrepresentation in his entering the plea.  *Blackledge v. Allison*, 431 U.S. 63, 73-75 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.").  Mr. Kastory has offered no such evidence.

Having found Mr. Kastory's waiver to be knowing and voluntary, the Court must next consider whether enforcement will result in a miscarriage of justice.  In making this assessment, the Court will consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result."  *United State v. Khattak*, 273 F.3d 557 563 (3d Cir. 2001) (cleaned up).  These factors are "only meant to provide guidance," however, and the Court must be mindful that the "miscarriage-of-justice exception should be applied sparingly and without undue generosity."  *United States v. Ligons*, 395 F. App'x 916, 918 (3d Cir. 2010) (cleaned up).

Enforcing Mr. Kastory's waiver will not work a miscarriage of justice.  Because Mr. Kastory "entered into a plea agreement, he cannot demonstrate the gravity of the alleged error."  *Mabry v. Shartel*, 632 F. App'x 707, 711 (3d Cir. 2015).  He also "has not made any claim—much less an evidentiary proffer—of actual innocence."  *United States v. Porter*, No., 2022 WL 17852017, at *9 (W.D. Pa. Dec. 22, 2022) (Baxter, J.).  But even beyond those issues, the substance of his collateral attacks lacks merit.

Mr. Kastory argues that the "Court does not (nor can it) have criminal case subject-matter jurisdiction[.]"  ECF 56, p. 13.  That's because, according to him, "a state always has exclusive jurisdiction over matters within its borders unless it has given (ceded) a piece of land and its attached jurisdiction to the national government[.]"  *Id.* at 10 (emphasis in original).  "Numerous courts have routinely rejected" claims "identical or similar" to Mr. Kastory's argument "that federal courts lack jurisdiction to hear prosecutorial cases alleging federal crimes committed within the boundaries of a state."  *Guerra v. Richardson*, No. 18-191, 2019 WL 2397081, at *4 (N.D. Tex. May 16, 2015) (collecting cases); *see also United States v. Galletta*, No. 14-603, 2023 WL 4565477, at *127 (E.D. Pa. July 17, 2023) ("Galletta's claim that the government lacks criminal standing is completely frivolous." (citation omitted)).  The indictment in this case alleged a violation of the law of the United States, over which the Court had jurisdiction.  *See United States v. Spencer*, 398 F. App'x 845, 848 n.4 (3d Cir. 2010).  And pursuant to that jurisdiction, the Court could accept Mr. Kastory's plea agreement, despite his baseless contention to the contrary.

He next claims that the Constitution had to be amended to provide Congress with the authority to enact criminal legislation.  ECF 56, pp. 1, 33-47.  Not so.  The "Commerce Clause gives Congress power to regulate three types of activity: (1) the use of channels of interstate commerce; (2) the instrumentalities of interstate commerce, or person or things in interstate commerce, even though they may come only from intrastate activities; and (3) those activities having a substantial relation to interstate commerce, i.e., those activities that substantially affect interstate commerce."  *United States v. Tykarsky*, 446 F.3d 458, 470 (3d Cir. 2006) (cleaned up).  The statute under which Mr. Kastory was convicted—18 U.S.C. § 2422(b)— represents a "constitutional exercise of Congress's Commerce Clause power to regulate the channels and instrumentalities of interstate commerce."  *Id.*; *see also*

*United States v. Schumaker*, 479 F. App'x 878, 884 (11th Cir. 2012) ("We have specifically held that 18 U.S.C. § 2422(b) does not exceed Congress' power under the commerce clause.").

To put a fine point on it, Mr. Kastory's "claims are inherently frivolous. [Mr. Kastory] … committed federal crimes which, by definition, were subject to federal prosecution; the Supreme Court has not held the statutes underlying his convictions to be unconstitutional; and federal district courts have jurisdiction over federal crimes." *Gordon v. United States*, No. 21-1018, 2021 WL 8084491, at *2 (6th Cir. June 14, 2021), *cert. denied,* 142 S.Ct. 1690 (2022).

Given these findings, the Court will enforce Mr. Kastory's waiver, and in turn concludes that it lacks jurisdiction to consider his first three grounds for relief. *United States v. Joseph*, No. 10-233, 2014 WL 2002280, at *1 (W.D. Pa. May 15, 2014) (Ambrose, J.) (finding that a valid waiver "will divest the district court of jurisdiction over a collateral attack." (citations omitted)).[3]

## II.    The Court denies Mr. Kastory's final claim for relief because he cannot show that his counsel's performance was deficient in any respect.

Mr. Kastory's final claim for relief is one for ineffective assistance of counsel. Unlike his other claims for relief, the Court may proceed with analysis on this claim

---

[3] Alternatively, even if Mr. Kastory hadn't waived these claims, they still would fail for another threshold reason: procedural default. "Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review." *Hodge v. United States*, 554 F.3d 372, 378-79 (3d Cir. 2009) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). If a movant has failed to raise his claims on direct appeal, the claims are procedurally defaulted. *Id.* at 379.  However, a court may excuse a procedural default if the movant is (1) actually innocent of the crime for which he was convicted (and now challenges), or (2) there is a valid cause for default and actual prejudice resulted from the default. *Id.*  Mr. Kastory here did not appeal his sentence, so the Court may only review the merits of his challenges if he can show he was either actually innocent of the crime or that he had good cause for the procedural default and suffered prejudice from it. Mr. Kastory did not attempt to make either showing.  *See generally* ECF 56.

because Mr. Kastory did not waive the right to raise an ineffective-assistance-of
counsel challenge as part of his appeal waiver, and a claim of ineffective assistance
of counsel is not procedurally defaulted at the Section 2255 stage.  ECF 66-1, p. 3;
*United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) ("A § 2255 motion is a proper
and indeed the preferred vehicle for a federal prisoner to allege ineffective assistance
of counsel." (citations omitted)).

The familiar two-pronged *Strickland* test applies for reviewing claims of
ineffective assistance of counsel.  *Collings v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528,
546 (3d Cir. 2014).  First, the petitioner must show that "counsel's representation fell
below an objective standard of reasonableness" under "prevailing professional
norms." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  When evaluating the
first prong, the Court must be "highly deferential" to counsel and "indulge a strong
presumption that counsel's conduct falls within the wide range of reasonable
professional assistance." *Id.* at 689.  Second, the petitioner must show prejudice such
that "there is a reasonable probability that, but for counsel's unprofessional errors,
the result of the proceeding would have been different." *Id.* at 694.  "To obtain relief
under the *Strickland* standard, the petitioner must establish both deficient
performance and prejudice." *United States v. Cannon*, No. 14-213, 2021 WL 140841,
at *3 (W.D. Pa. Jan. 15, 2021) (Hornak, C.J.) (citation omitted).  Therefore, "[w]hen a
petitioner's claim fails on one prong, the court need not examine the other." *Id.*
(citation omitted).

Mr. Kastory's challenge fails the first prong.  He argues that his counsel was
ineffective because he did not argue that Mr. Kastory "should file a motion to dismiss
the indictment/case on want of jurisdiction."  ECF 56, pp. 54-55.  But "[c]ounsel
cannot be constitutionally ineffective for failing to make arguments that lack merit."
*United States v. Brown*, No. 20-14, 2023 WL 4400034, at *4 (W.D. Va. July 7, 2023)

(citation omitted).   And the Court already explained above why Mr. Kastory's jurisdictional attack fails. Counsel's decision not to pursue a fundamentally flawed defense strategy is well within an objective standard of reasonableness and prevailing professional norms. *See, e.g.*, *id.* at \*3 ("Brown's attorney's failure to advise Brown to challenge subject matter jurisdiction does not constitute behavior that falls below an objective standard of reasonableness, nor can Brown establish a reasonable probability that the outcome of the trial would have been different but for counsel's conduct. Brown was charged with offenses under federal law, so this court had subject-matter jurisdiction[.]"); *Galletta*, 2023 WL 4565477, at \*129 (E.D. Pa. July 17, 2023) ("Galletta has failed to show that his defense counsel were ineffective under *Strickland* for failing to raise a frivolous claim regarding the government's purported lack of standing to prosecute him in this case."); *United States v. Lawson*, No. 22-762, 2022 WL 4225790, at \*2 (W.D. Okla. Sept. 13, 2022) ("With regard to the absence of legislative jurisdiction, as noted above the argument lacks merit, and accordingly, counsel could not be constitutionally ineffective in failing to raise the issue." (citations omitted)).[4]

## III.   The Court declines to issue a certificate of appealability.

"When a district court issues a final order denying a § 2255 motion, the court must also determine whether a certificate of appealability … should issue." *United States v. Davies*, No. 07-436, 2019 WL 6254988, at \*2 (W.D. Pa. Nov. 22, 2019) (Conti, J.).   To be entitled to a certificate of appealability, Mr. Kastory must show that "reasonable jurists would debate whether this court was correct in its ruling." *Galletta*, 2023 WL 4565477, at \* n.145 (citing *Slack v. McDaniel*, 529 U.S. 473, 483-

---

[4] One other thing.  As is evident from the Court's analysis, the record here speaks for itself, and so the Court finds that it need not hold a hearing on Mr. Kastory's motion. *Mason*, 2008 WL 938784, at \*1; *Nicholas*, 759 F.2d at 1075 ("[W]here the record affirmatively indicates the claim for relief is without merit, the refusal to hold a hearing will not be deemed an abuse of discretion.").

84 (2000)).  This isn't a close call.  "Reasonable jurists" could not muster a debate over this order.  So, the Court will not issue a certificate of appealability.

*     *     *

**AND NOW**, this 11th day of September, 2023, it is hereby **ORDERED** that Mr. Kastory's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF 56) is **DENIED**.  No certificate of appealability shall issue.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

- 12 -